IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WILLIAM ZUCK, | ) | 4:12CV3252 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| MARIO PEART, et al., | ) | |
| | ) | |
| Defendants. | ) | |

    This matter is before the court on its own motion. On May 28, 2013, the court entered a Memorandum and Order allowing Plaintiff to file an amended complaint that states a claim upon which relief may be granted. (Filing No. 13.) Plaintiff filed an Amended Complaint on June 21, 2013. (Filing No. 14.) The court considers Plaintiff's Amended Complaint as supplemental to his original Complaint. NECivR 15.1(b) (stating that in pro se cases, the court may consider an amended pleading as supplemental to the original pleading, rather than as superseding).

    The court has carefully reviewed Plaintiff's Complaint and Amended Complaint and finds that his claims against Mario Peart, Diane Sabatka-Rine, Robert Houston, Janet Boyer, Charles Glenn, Tanya Dana, Mr. Dorton, Salvador Cruz, Robert Madsen, and Frank Hopkins may proceed to service as they relate to Plaintiff's allegations that (1) these Defendants' refusal to provide him with a fasting meal violates his religious rights in violation of the First and Fourteenth Amendments, and the Religious Land Use and Institutionalized Persons Act, (2) these Defendants' refusal to provide him with a fasting meal violates his equal protection rights, and (3) these Defendants have deprived him of nutritionally adequate food. Although the court finds that some of Plaintiff's claims may proceed to service of process, the court cautions Plaintiff that this is only a preliminary determination based on the allegations of the Complaint and Amended Complaint, and is not a determination of the merits of Plaintiff's claims or potential defenses thereto.

For the reasons set forth in the court's Memorandum and Order dated May 28, 2013, the court will dismiss Plaintiff's claims that he has been denied a religious diet because Defendants (1) refuse to supply him with a diet that complies with the Word of Wisdom, (2) refuse to inform him of which canteen items comply with the Word of Wisdom, and (3) refuse to give him advance notice of which menu items comply with the Word of Wisdom. As set forth in the court's prior order, Plaintiff states that he relies on his own senses in order to determine which foods violate the Word of Wisdom. (Filing No. 13 at CM/ECF p. 7.) Defendants cannot possibly be expected to craft a religious diet based on Plaintiff's subjective impression of how some foods make him feel some of the time. Accordingly, these claims will be dismissed without prejudice for failure to state a claim upon which relief may be granted. Because these are the only types of claims asserted against the food-company defendants, the food-company defendants will be entirely dismissed from this action.

Plaintiff's Complaint and Amended Complaint refers to an unknown number of "John and Jane Doe" Defendants who were also allegedly involved depriving Plaintiff of his fasting meals and nutritionally adequate meals. Plaintiff is advised that Federal Rule of Civil Procedure 4 requires service of a complaint on a defendant within 120 days of filing the complaint. However, because in this order Plaintiff is informed for the first time of these requirements, Plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process. Plaintiff is on notice that if any John or Jane Doe Defendants are not named and served within 120 days, then the claims against them will be dismissed pursuant to the terms of Federal Rule of Civil Procedure 4(m).

IT IS THEREFORE ORDERED that:

1. Plaintiff's claims against Mario Peart, Diane Sabatka-Rine, Robert Houston, Janet Boyer, Charles Glenn, Tanya Dana, Mr. Dorton, Salvador Cruz, Robert Madsen, and Frank Hopkins may proceed to service as they relate to Plaintiff's allegations that (1) these Defendants' refusal to provide him with a fasting meal

violates his religious rights in violation of the First and Fourteenth Amendments, and the Religious Land Use and Institutionalized Persons Act, (2) these Defendants' refusal to provide him with a fasting meal violates his equal protection rights, and (3) these Defendants have deprived him of nutritionally adequate food.[1]

2.      Plaintiff's claims that he has been denied a religious diet because Defendants (1) refuse to supply him with a diet that complies with the Word of Wisdom, (2) refuse to inform him of which canteen items comply with the Word of Wisdom, and (3) refuse to give him advance notice of which menu items comply with the Word of Wisdom are dismissed without prejudice for failure to state a claim upon which relief may be granted.  Accordingly, Plaintiff's claims against the following Defendants are dismissed in their entirety: Keefe Group, H.J. Heinz Co., Carriage House Companies, Portion Pac, and Unknown Number of Companies.

3.      To obtain service of process on Defendants, Plaintiff must complete and return the summons forms that the Clerk of the court will provide.  The Clerk of the court shall send 10 summons forms and 10 USM-285 forms to Plaintiff, together with a copy of this Memorandum and Order.  Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of the court.  In the absence of the forms, service of process cannot occur.

4.      Upon receipt of the completed forms, the Clerk of the court will sign the summons forms, to be forwarded with a copy of the Complaint and Amended Complaint to the U.S. Marshal for service of process.  The Marshal shall serve the summons and the Complaint and Amended Complaint without payment of costs or fees.  Service may be by certified mail pursuant to Federal Rule of Civil Procedure 4 and Nebraska law in the discretion of the Marshal.  The Clerk of the court will copy the Complaint and Amended Complaint, and Plaintiff does not need to do so.

---

[1] The court previously dismissed Plaintiff's monetary damages claims against Defendants in their official capacities.  (*See* Filing No. 13 at CM/ECF p. 11.)

5.      Federal Rule of Civil Procedure 4 requires service of the complaint on a defendant within 120 days of filing the complaint.  However, because in this order Plaintiff is informed for the first time of these requirements, Plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process.

6.      Plaintiff is hereby notified that failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant.  A defendant has 21 days after receipt of the summons to answer or otherwise respond to a complaint.

7.      The Clerk of Court is directed to set a pro se case management deadline in this case with the following text: "**January 6, 2014**:  Check for completion of service of summons."

8.      The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court.  Plaintiff shall keep the court informed of her current address at all times while this case is pending.  Failure to do so may result in dismissal.

DATED this 9th day of September, 2013.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.