IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WILLIAM ZUCK, | ) | 4:12CV3252 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| MARIO PEART, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiff's motions for status and motions seeking extensions of time in which to serve Defendants in their official capacities. (Filing Nos. 57, 60, 69, 72.) The court has carefully reviewed Plaintiff's Motions and Defendants' response to the motions.  Upon careful consideration,

IT IS ORDERED that:

1.    Plaintiff will be given one final opportunity in which to serve Defendants in their official capacities.  On the court's own motion, Plaintiff shall have until **June 5, 2014,** in which to complete service of process on Defendants in their official capacities.  **No further extensions of time to serve Defendants in their official capacities will be given**.[1]

---

[1]Defendants have not been properly served in their official capacities.  Neb. Rev. Stat. § 25-510.02(1) provides:

> The State of Nebraska, any state agency as defined in section 81-8,210, and any employee of the state as defined in section 81-8,210 sued in an official capacity may be served by leaving the summons at the office of the Attorney General with the Attorney General, deputy attorney general, or someone designated in writing by the Attorney General, or by certified mail service addressed to the address of the Attorney General.

Rather than leaving summons forms for Defendants at the office of the Attorney General, Plaintiff issued a summons to the Attorney General, who is not a defendant in this case.  (*See* Filing No. 42.)

A.      The clerk's office is directed to set a pro se case management deadline with the following text: June 5, 2014: Deadline for Plaintiff to complete service of process on defendants in their official capacities.

B.      The clerk's office is directed to send to Plaintiff 10 summons forms and 10 USM-285 forms for service on Defendants in their official capacities.

2.      Plaintiff's unopposed Motion filed pursuant to Federal Rule of Civil Procedure 56(d) is granted.  Accordingly, the court will defer consideration of Defendants' Motion for Summary Judgment until after the discovery period ends, as set forth below.

3.      The clerk's office is directed to term the motion event for Defendants' Motion for Summary Judgment.  (Filing No. 51.)  Defendants may reassert their motion after the discovery period ends.

4.      In order to progress this case to final resolution:

A.      All depositions, whether or not they are intended to be used at trial, shall be completed by **June 30, 2014**.  All interrogatories, requests for admission and requests for production or inspection, whether or not they are intended to be used at trial, shall be served on or before **May 21, 2014**.

B.      Motions to compel discovery shall be filed on or before **June 30, 2014**. The parties must comply with the provisions of NECivR 7.0.1 before filing a motion to compel.

2

C.     All dispositive motions shall be filed on or before **July 30, 2014**. The parties must comply with the provisions of NECivR 7.0.1 and NECivR 56.1 when filing summary judgment motions. ***Defendants may reassert their Motion for Summary Judgment after June 30, 2014, and before July 30, 2014.***

5.     Plaintiff's Motions (Filing Nos. 57, 60, 69, 72) are granted to the extent they are consistent with this Memorandum and Order.

DATED this 21st day of April, 2014.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.