IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WILLIAM ZUCK, | ) | 4:12CV3252 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| MARIO PEART, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiff's Motion to File Supplemental and Amended Complaint, and Defendants' Objection to the Motion. (Filing No. 111 and Filing No. 113.) For the reasons discussed below, Plaintiff's Motion is denied.

## I. BACKGROUND

Plaintiff filed his Complaint in this matter on December, 19, 2012, against numerous current and former employees of the Lincoln Correctional Center and the Nebraska Department of Correctional Services. (Filing No. 1.) He also sued four companies that supply food products to the Lincoln Correctional Center. (*Id.* at CM/ECF p. 4.) Condensed and summarized, Plaintiff alleged in the Complaint that Defendants violated his religious rights in violation of the First and Fourteenth Amendments, and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). Plaintiff also alleged that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment. (*Id.* at CM/ECF p. 23-28.)

The court conducted an initial review of Plaintiff's Complaint on May 28, 2013. (Filing No. 13.) The court dismissed Plaintiff's monetary damages claims against Defendants in their official capacities. In addition, the court determined that Plaintiff had failed to state a claim upon which relief may be granted with respect to his First

Amendment, RLUIPA, and equal protection claims. The court gave Plaintiff 30 days in which to file an amended complaint. (*Id.* at CM/ECF p. 11.)

Plaintiff filed an Amended Complaint on June 21, 2013. (Filing No. 14.) Thereafter, the court allowed some of Plaintiff's claims against Defendants to proceed to service of process. (Filing No. 15 at CM/ECF pp. 1-2.) Because Plaintiff had named John and Jane Does in the caption of the Complaint and Amended Complaint, the court wrote, in relevant part:

> Plaintiff's Complaint and Amended Complaint refer[] to an unknown number of "John and Jane Doe" Defendants who were also allegedly involved [in] depriving Plaintiff of his fasting meals and nutritionally adequate meals. Plaintiff is advised that Federal Rule of Civil Procedure 4 requires service of a complaint on a defendant within 120 days of filing the complaint. However, because in this order Plaintiff is informed for the first time of these requirements, Plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process. Plaintiff is on notice that if any John or Jane Doe Defendants are not named and served within 120 days, then the claims against them will be dismissed pursuant to the terms of Federal Rule of Civil Procedure 4(m).

(*Id.* at CM/ECF p. 2.) In a Memorandum and Order dated September 24, 2013, the court warned Plaintiff that "in order for this matter to proceed to service against any specific John or Jane Doe Defendants, Plaintiff will have to amend his complaint to allege *specific acts* committed by *specific individuals*." (Filing No. 23 at CM/ECF p. 1) (emphasis in original).)

On January 6, 2014, March 3, 2014, and April 21, 2014, the court extended the time in which Plaintiff had to serve Defendants with process. (Filing No. 46, Filing No. 64, Filing No. 82.) The court issued a progression order addressing discovery and other issues on June 4, 2014, one day after the last defendant filed an answer in this matter. (Filing No. 97.) On June 27, 2014, Plaintiff filed the motion at issue here.

Plaintiff seeks leave to file a third amended complaint. (*See* proposed third amended complaint at Filing No. 111-1.) The third amended complaint and its attachments number over 200 pages. In the third amended complaint, Plaintiff seeks to add claims that have already been considered and dismissed by the court in previous orders, as well as numerous new theories of relief lodged against over 30 additional defendants.

## II. APPLICABLE LAW

After the time for amending a pleading as a matter of course has expired, *see* Fed.R.Civ.P. 15(a)(1), "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed.R.Civ.P. 15(a)(2). Courts are directed to "freely give leave," but only "when justice so requires." *Id.* Thus, "[a] denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *Amrine v. Brooks*, 522 F.3d 823, 833 (8th Cir. 2008) (internal quotation marks and citation omitted). In other words, "[t]here is no absolute right to amend," *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 841 (8th Cir. 2004) (internal quotation marks and citation omitted), and a district court has "'broad discretion'" when deciding whether to grant or deny a party's request for leave to amend pursuant to Rule 15. *Turley v. Coventry Health Care of Iowa, Inc.*, 590 F.Supp.2d 1126, 1128 (S.D.Iowa 2008) (quoting *Baptist Health v. Smith*, 477 F.3d 540, 544 (8th Cir.2007)).

Nebraska Civil Rule 15.1 states that "a party who moves for leave to amend a pleading (including a request to add parties) must file as an attachment to the motion an unsigned copy of the proposed amended pleading that *clearly identifies the proposed amendments. . .* The motion for leave to amend must . . . *specifically state the proposed amendments . . . .*" NECivR 15.1(a) (emphasis added).

3

## III.  DISCUSSION

Plaintiff has filed an 81-page proposed third amended complaint.  Plaintiff seeks to add claims that have already been considered and dismissed by the court in previous orders, as well as numerous new theories of relief lodged against over 30 additional defendants.  For the reasons set forth below, the court finds that denial of leave to amend is justified.

First, the court finds that Plaintiff's Motion to File Supplemental and Amended Complaint should be denied for failure to comply with the court's local rules, specifically, the requirement that a party "clearly identif[y] the proposed amendments."  NECivR 15.1(a).  Plaintiff's motion for leave to amend in no way "specifically state[s] the proposed amendments."  *See id.*  Plaintiff does not identify which allegations and legal theories relate to each of the defendants he seeks to name in this action.  For example, Plaintiff writes:

> [] Zuck needs to Amend the COMPLAINT to include Matters that occurred before the filing of the COMPLAINT, but were overlooked or the significance of, was not known.  These Matters include: Plaintiff's Sincerely Held Religious Beliefs; Fasting Meal; Word of Wisdom Religious Diet Proposal; Prepackaged Food Item Products and Other Food Item Products in Religious Diets; Eighth Amendment; Religious Diets and Word of Wisdom Religious Diet; Freedom of Speech/Access to the Courts; Conspiracy to Interfere with Civil Rights, 42 u.s.c.s. §1985; Bodily Integrity; and Multiply Constitutional Rights Analysis.
> . . . .
> Zuck needs to Amend the COMPLAINT, naming and alleging specific acts done by now identified, through discovery, Defendants:
>
> a.  Unknown Number of John and/or Jane Does Involved Thru the Lincoln Correctional Center's Kitchen.  Specifically Defendants: Salinas, Williams, Hrustemovich, Corwin, Luhr, Webster, Mares, Kersey, Cayetano, Jurek, Settles, and Jacobsen.;

  b. Unknown Number of John and/or Jane Does Involved Thru the Nebraska Department of Correctional Services' Canteens. Specifically Defendants: Kenyon, Davenport, Brugman, Kuhn, Barker, and Grothan.;

  c. Unknown Number of John and/or Jane Does Involved Thru the Nebraska Department of Correctional Services' Religious Study Committee. Specifically Defendants: Baldassano, Blum, J. Miller, Philbeck, T. Davis, Price, Baven, Bartelt, Asher, Lytle, Denning, Marsh, and Carlsberg.; and

  d. Unknown John or Jane Doe for RPH, Director. Specifically Defendant: Dahm

(Filing No. 112 at CM/ECF p. 4.)

Apparently, Plaintiff expects the court and the parties to sort through his 81-page complaint and 162 pages of supporting documents in order to determine what allegations, if any, relate to each of the 30 proposed additional defendants. The court will not undertake such a task.

Second, as to the John and Jane Doe Defendants that Plaintiff has now identified in his proposed third amended complaint, Plaintiff fails to state a claim upon which relief may be granted against any one of them. Plaintiff sets forth in his Motion that the now-identified John and Jane Doe Defendants are Salinas, Williams, Hrustemovich, Corwin, Luhr, Webster, Mares, Kersey, Cayetano, Jurek, Settles, and Jacobsen, Kenyon, Davenport, Brugman, Kuhn, Barker, and Grothan, Baldassano, Blum, J. Miller, Philbeck, T. Davis, Price, Baven, Bartelt, Asher, Lytle, Denning, Marsh, and Carlsberg, and Dahm. Plaintiff's proposed third amended complaint does not allege any *specific acts* committed by any of these individuals. Rather, Plaintiff merely relies on conclusory allegations that these individuals are responsible for violating his civil rights. For example, Plaintiff writes, in relevant part:

5

> []Thereby, the Plaintiff feeling sick and/or drugged, from eating food that does not meet his Word of Wisdom Religious Diet Needs and other violations of his Constitutional Right to Bodily Integrity, has substantially affected his ability to think, produce ideas, and communicate, especially while working on his legal work in the present and past. Resulting in violations of his Right to Bodily Integrity, Freedom of Speech, and access to the courts. This has been done by Defendants: Peart, Sabatka-Rine, Houston, Boyer, Glenn, Dana, Dorton, Cruz, Madsen, Hopkins, Heckman, M. Davis, T. Miller, Salinas, Williams, Hrustemovich, Corwin, Luhr, Webster, Mares, Kersey, Cayetano, Kenyon, Davenport, Brugman, Baldassano, Blum, J, Miller, Philbeck, T. Davis, Price, Baven, Bartelt, Asher, Lytle, Dahm, Jurek, Settles, Jacobsen, Keefe Group and its affiliated companies; H.J. Heinz Co. L.P.; Carriage House Companies, Inc.; Portion Pac, Inc.; Unknown Number of Companies Involved Thru the Food Items Products Served as Part of the NDCS Religious Diet Program; Kuhn, Barker, Grothan, Denning, Marsh, and Carlsberg.

(Filing No. 111-1 at CM/ECF pp. 54-55.)

Third, denial of leave to amend is justified by concerns of undue delay and unfair prejudice to Defendants. Defendants argue, and the court agrees, that permitting Plaintiff to amend his already amended complaint to add over 30 additional defendants would "drastically increase the scope of discovery and contribute to additional and protracted litigations expenses." (Filing No. 113 at CM/ECF p. 2.) Moreover, this matter has been pending for more than one year and six months. Allowing Plaintiff to add more than 30 additional defendants would significantly delay the progression of this case to final resolution.

Finally, the court finds that denial of leave to amend is justified by concerns of futility and bad faith on the part of the moving party with respect to at least some of the proposed amendments. The third amended complaint raises numerous claims that have already been considered and rejected by this court in its initial review, including claims that Defendants refuse to supply him with a diet that complies with "the Word

of Wisdom," refuse to inform him of which canteen items comply with "the Word of Wisdom," and refuse to give him advance notice of which foods violate "the Word of Wisdom." Plaintiff may not now thwart the court's obligation to conduct an initial review pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A by amending his complaint to include claims the court has already dismissed. For the reasons set forth in the court's orders dated May 28, 2013, and September 9, 2013, Plaintiff has failed to state a claim upon which relief may be granted with respect to these claims. (*See* Filing No. 13 and Filing No. 15.)

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion to File Supplemental and Amended Complaint (Filing No. 111) is denied.

2. Defendants' Objection (Filing No. 113) is sustained.

3. As set forth in the court's order dated September 9, 2013, this matter will proceed against Mario Peart, Diane Sabatka-Rine, Robert Houston, Janet Boyer, Charles Glenn, Tanya Dana, Mr. Dorton, Salvador Cruz, Robert Madsen, and Frank Hopkins on Plaintiff's allegations that (1) these Defendants' refusal to provide him with a fasting meal violates his religious rights in violation of the First and Fourteenth Amendments, and the Religious Land Use and Institutionalized Persons Act, (2) these Defendants' refusal to provide him with a fasting meal violates his equal protection rights, and (3) these Defendants have deprived him of nutritionally adequate food.

4. Although not explicitly set forth in the court's order dated September 9, 2013, the court notes that Plaintiff's allegations that Defendants have deprived him of nutritionally adequate food encompass Plaintiff's argument that this denial was retaliatory. Thus, any dispositive motions filed by the parties should address this issue.

5.     Defendants Frank Hopkins and Robert Houston's Motion to Dismiss (Filing No. 87) remains pending.

DATED this 15th day of July, 2014.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

8