IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WILLIAM ZUCK, | ) | 4:12CV3252 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| MARIO PEART, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court for case management. The following motions are pending in this case:

- a Motion to Dismiss (Filing No. 87) filed by Defendants Frank Hopkins and Robert Houston in their individual capacities;
- a Motion for Summary Judgment (Filing No. 135) filed by Defendants Mario Peart, Janet Boyer, Salvador Cruz, Diane Sabatka-Rine, Charles Glenn, Robert Madsen, Michael Dorton, and Tanya Dana in their individual and official capacities; and Robert Houston and Frank Hopkins in their official capacities;
- a Rule 56(d) Motion (Filing No. 151) filed by Plaintiff William Zuck;
- a "Motion for Clarification of Defendants' Attorneys in their Official and Individual Capacities" (Filing No. 156) filed by Zuck; and
- a Motion for Preliminary Injunction (Filing No. 159) filed by Zuck.

The court will address Zuck's motion seeking additional discovery (Filing No. 151) and requests for preliminary injunction and clarification (Filing Nos. 156 and 159) in the paragraphs that follow.

**A.   Discovery Motion**

On September 14, 2014, Defendants filed a Motion for Summary Judgment. (Filing No. 135.) On January 9, 2015, Zuck filed a 264-page motion pursuant to Rule

56(d) of the Federal Rules of Civil Procedure. (Filing No. 151.) In support of his motion, he filed a 102-page affidavit (Filing No. 153) and a 199-page brief (Filing No. 154). On January 26, 2015, the court held Zuck's motion in abeyance pending the filing of an affidavit or declaration that:

> plainly sets forth (1) the specific facts he hopes to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are essential to resist the summary judgment motion.

(Filing No. 155 at CM/ECF p. 2.)

Zuck filed a Declaration (Filing No. 157) in accordance with the court's order on February 9, 2015. Defendants filed a Response (Filing No. 158) to Zuck's Rule 56(d) motion on February 23, 2015.

Rule 56(d) of the Federal Rules of Civil Procedure provides that:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). "The party seeking additional discovery must show: (1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to resist the summary judgment motion." *Toben v. Bridgestone Retail Operations, LLC*, 751 F.3d 888, 895 (8th Cir. 2014) (quoting *State of Cal., on Behalf of Cal. Dep't of Toxic Subs. Control v. Campbell*, 138 F.3d 772, 779 (9th Cir.1998). Rule 56(d) does not condone a fishing expedition. *Duffy v. Wolle*, 123 F.3d 1026,

1041 (8th Cir. 1997), overruled on other grounds by *Torgerson v. City of Rochester*, 643 F.3d 1031, 1043 (8th Cir. 2011).

The court has carefully reviewed Zuck's declaration and finds that he has failed to show the court that sought-after facts exist that are essential to his resisting Defendants' summary-judgment motion. Zuck's Declaration merely lists facts from Defendants' summary-judgment motion and then provides an explanation for why Zuck disagrees with those facts. (*See*, *e.g.*, Filing No. 157 at CM/ECF p. 2.) Rule 56(d) does not condone a fishing expedition. Accordingly, Zuck's Rule 56(d) motion will be denied.

**B.     Request for Preliminary Injunction**

In Zuck's request for preliminary injunction, he asks the court to order Defendants to provide him with special, alternative meals. (Filing No. 159 at CM/ECF p. 4.) He also asks the court to order Defendants *not to* sell Zuck products that contain drugs, alcohol, tobacco, tea, and other harmful substances that "violate his Word of Wisdom Religious Diet needs." (*Id.* at CM/ECF pp. 4-5.) Finally, he asks the court to order Defendants to create a "Word of Wisdom Religious Diet Fasting Meal" and to refrain from retaliating against him. (*Id.* at CM/ECF p. 5.)

The standards set forth in *Dataphase Sys., Inc. v. C.L. Sys., Inc.*, 640 F.2d 109 (8th Cir. 1981), apply to Plaintiff's request for preliminary injunctive relief. In *Dataphase*, the court, sitting *en banc*, clarified the factors district courts should consider when determining whether to grant a motion for preliminary injunctive relief:

> (1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest.

*Id.* at 113. "No single factor in itself is dispositive; rather, each factor must be considered to determine whether the balance of equities weighs toward granting the injunction." *United Indus. Corp. v. Clorox Co.*, 140 F.3d 1175, 1179 (8th Cir. 1998). "At base, the question is whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined." *Dataphase*, 640 F.2d at 113.

In order for Zuck to meet his burden of proving that he is entitled to preliminary injunctive relief, he must show there is a "substantial probability" he "will succeed at trial." *Dataphase*, 640 F.2d at 114. He has not done so here. Defendants have submitted affidavits in support of their summary-judgment motion showing that the food Zuck is being served in the prison is not prepared with tobacco, alcohol, medications, or drugs, and that it is prepared in a safe and sanitary manner. (*See* Filing No. 137-1.) Zuck has not responded to the summary-judgment motion, and he did not set forth in his motion for preliminary injunction how he intends to rebut this evidence. In light of this, and in balancing all of the factors, it is apparent that Zuck has not sufficiently alleged, or submitted any evidence showing that, there is a fair chance that he will succeed on the merits of his claims. Therefore, at this point in the proceedings and in consideration of all of the factors, the court sees no reason to "intervene . . . until the merits are determined . . . " *Dataphase*, 640 F.2d at 113.

C.  **Request for Clarification**

Zuck moves the court for an order clarifying who is representing Defendants in their official capacities. (Filing No. 156.) On May 28, 2013, the court dismissed Zuck's claims for monetary damages against Defendants in the official capacities because the claims are barred by the Eleventh Amendment. (Filing No. 13 at CM/ECF p. 11.) The court did not, however, dismiss Plaintiff's claims for *injunctive relief* against Defendants in their official capacities. (*See* Filing No. 91, order in response to Defendants' request for clarification.) Indeed, on June 3, 2014,

Defendants Robert Houston, Frank Hopkins, Mario Peart, Charles Glenn, Diane Sabatka-Rine, Janet Boyer, Salvador Cruz, Robert Madsen, Michael Dorton, and Tanya Dana answered Plaintiff's Complaint and Amended Complaint in their official capacities. (*See* Filing No. 94.)

On December 29, 2014, Assistant Attorney General Amie Larson entered her appearance in this case. She appeared on behalf of Defendants Mario Peart, Janet Boyer, Salvador Cruz, Diane Sabatka-Rine, Charles Glenn, Robert Madsen, Michael Dorton, and Tanya Dana *in their individual capacities only*. (Filing No. 150.) She did not appear on behalf of two of the Defendants—Robert Houston and Frank Hopkins—and she did not appear on behalf of any Defendants in their official capacities. Thus, there is some question of who represents Houston and Hopkins and who represents the remaining Defendants in their official capacities. Accordingly, the court will order Assistant Attorney General Amie Larson to clarify who she represents in this matter.

### D. Zuck's Response to Defendants' Motion for Summary Judgment

This case has been pending since December 19, 2012. Defendants' Motion for Summary Judgment (Filing No. 135) has been pending since September 15, 2014. The court previously warned Zuck that no further extensions of time would be given for him to respond to Defendant's summary-judgment motion. (*See* Filing No. 146.)

**The court will not tolerate any more delays in this case absent a showing of extraordinary circumstances**. Accordingly, Zuck must file his response to the summary-judgment motion within 21 days. Failure to do so will result in the court considering Defendants' motion unopposed.

IT IS THEREFORE ORDERED that:

1. Defendants' Motion to Dismiss (Filing No. 87) and Motion for Summary Judgment (Filing No. 135) remain pending.

2. Zuck's Rule 56(d) Motion (Filing No. 151) is denied.

3. Zuck's "Motion for Clarification of Defendants' Attorneys in their Official and Individual Capacities" (Filing No. 156) is granted to the extent the relief he seeks is consistent with that provided in this order.

4. Zuck's Motion for Preliminary Injunction (Filing No. 159) is denied.

5. Assistant Attorney General Amie Larson must file a notice in this case within seven days clarifying which Defendants she represents in this matter and in what capacities she represents them.

6. Zuck must file his response to Defendants' Motion for Summary Judgment (Filing No. 135) within 21 days. Failure to do so will result in the court considering the motion unopposed by Zuck.

7. **The court will not tolerate any more delays in this case absent a showing of extraordinary circumstances**.

8. The clerk's office is directed to set the following pro se case management deadline: March 25, 2015: Deadline for counsel to file notice concerning representation of Defendants.

9.     The clerk's office is directed to set the following pro se case management deadline: April 10, 2015: Check for response to summary-judgment motion; consider motion unopposed if none filed.

DATED this 18th day of March, 2015.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.